UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERIK WAYNE FELDMAN,

                                                                                 DECISION AND ORDER

                                Plaintiff,

                                                                                  16-CV-6689L

                         v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                                Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On November 5, 2012, plaintiff, then thirty-one years old, filed an application Supplemental Security Income benefits under Title II of the Social Security Act, alleging an inability to work beginning on the application date. (Administrative Transcript, Dkt. #8 at 35). His application was initially denied. Plaintiff requested a hearing, which was held on April 2, 2015 before Administrative Law Judge ("ALJ") Brian Kane. The ALJ issued a decision on July 1, 2015, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 35-44). That decision became the final decision of the Commissioner when the Appeals Council denied review on August 26, 2016. (Dkt. #8 at 1-4). Plaintiff now appeals from that decision.

The plaintiff has moved (Dkt. #12), and the Commissioner has cross moved (Dkt. #15) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below,

the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§ 404.1509, 404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

Here, the ALJ determined that the plaintiff had severe impairments, consisting of anxiety disorder, benign brain tumor (status post-surgical removal), and reduced vision in the right eye. (Dkt. #8 at 37). He found that plaintiff, then a thirty-four year old man with at least a high school education and past employment as a construction worker, blacktop paver, drywall applicator, sales attendant, material handler and doughnut maker, retained the residual functional capacity ("RFC") to perform a limited range medium work. Specifically, plaintiff can lift and carry up to 30 pounds, stand/walk for six hours in an eight-hour workday, and is limited to work that does not require stereo-vision. (Dkt. #8 at 39).

At the hearing, the ALJ asked vocational expert Julie A. Andrews whether an individual with this RFC could perform work existing in significant numbers in the national economy. Ms. Andrews testified that such a person could perform the representative unskilled, medium-exertion positions of laundry laborer and cleaner. (Dkt. #8 at 43).

On appeal, plaintiff argues that the ALJ failed to properly incorporate the opinion of consulting psychologist Dr. Yu-Ying Lin into his RFC determination, and that he failed to properly assess plaintiff's credibility.

Dr. Lin examined plaintiff on June 4, 2013. She diagnosed plaintiff with polysubstance abuse in remission and depressive disorder in remission, and opined that although plaintiff's "stress-related problems and lack of motivation" caused him to be "moderately" limited in appropriately dealing with stress and making appropriate decisions, his impairments did not appear significant enough to interfere with his ability to function on a daily basis. (Dkt. #8 at 329-33). The ALJ gave "great" weight to Dr. Lin's opinion, but did not explicitly incorporate any stress-related or decision-related limitations into his RFC finding.

On review of the record, I find no error in the ALJ's RFC finding. While "the ALJ's conclusion may not perfectly correspond with . . . the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole." *Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013) (unpublished opinion). Furthermore, it is "not require[d] that [the] ALJ have mentioned every item of testimony presented to h[er] or have explained why [s]he considered particular evidence unpersuasive or insufficient to lead h[er] to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir.1983).

Here, the ALJ discussed the medical opinion evidence provided by Dr. Lin, set forth his reasoning for the weight afforded to that opinion, and cited and discussed specific evidence in the record which supported his determination, including evidence in the record of plaintiff's successful participation in a supported living program, plaintiff's engagement in efforts to live independently and regain custody of his daughter, and plaintiff's self-reports that his depression and anxiety had

3

been well-controlled by medication since January 2013. (Dkt. #8 at 41). The record contains no persuasive or objective evidence of any psychological limitations that are more than moderate, or which interfere with plaintiff's ability to function. As such, I do not find that the ALJ improperly substituted his "own expertise or view of the medical proof [in place of] any competent medical opinion" in opting not to incorporate Dr. Lin's opinion into his RFC finding *in toto*. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

Even assuming *arguendo* that the ALJ had erred in failing to incorporate moderate limitations in decision-making and stress in his RFC finding, such error was harmless. The positions identified by the vocational expert – laundry laborer and cleaner – are unskilled positions, and as such can be performed by an individual with moderate limitations in work-related functioning. This is particularly the case where, as here, the record contains no evidence that plaintiff's individualized ability to handle the stresses of work (keeping a schedule, tolerating supervision) has been compromised. *See generally Martinez v. Commissioner*, 2017 U.S. Dist. LEXIS 93475 at *20-*21 (N.D.N.Y. 2017) (collecting cases, and noting that the "Second Circuit has held that moderate limitations in work related functioning [including handling stress and making appropriate decisions] does not significantly limit, and thus prevent, a plaintiff from performing unskilled work"); *Saxon v. Colvin*, 2015 U.S. Dist. LEXIS 83447 at *14 (W.D.N.Y. 2015) (moderate limitations in ability to make appropriate decisions and cope with stress are sufficiently accommodated by an RFC limited to routine tasks in a low stress, low contact environment). *But see Cefarilli v. Berryhill*, 2017 U.S. Dist. LEXIS 170526 at *7-*9 (W.D.N.Y. 2017) (where plaintiff suffers multiple psychological disorders opined to cause moderate to marked limitations, a mere limitation to unskilled work does not satisfy the ALJ's obligation to analyze plaintiff's ability to cope with work-related stress, including making specific findings as

to the nature of plaintiff's stress, the circumstances that trigger it, and the ways her ability to work is affected).

Plaintiff also suggests that the ALJ failed to sufficiently credit his testimony regarding the limiting effects of his impairments. The Court disagrees.

In making his determination, the ALJ is required to consider subjective complaints by the claimant. *See Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). However, "it is the function of the [Commissioner], not [the reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Aponte v. Secretary of Health and Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) (quotation omitted). Here, the ALJ properly considered relevant factors – including plaintiff's largely unremarkable physical examination findings, conservative mental health treatment, self-reports of well-managed anxiety, and ability to engage in normal everyday activities – in determining that plaintiff's subjective complaints of debilitating physical and mental symptoms were not fully credible. (Dkt. #8 at 39).

I have considered the remainder of plaintiff's contentions, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not based on legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #12) is denied, the Commissioner's cross motion for judgment on the pleadings

(Dkt. #15) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 9, 2018.